# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**MICHAEL A. PEARSON,**

      **Plaintiff,**

**vs.**                              **Case No. 4:16cv343-WS/CAS**

**LT. WILLIS,**
**CASE MANAGER S. MITCHELL,**
**COUNSELOR M. SCROGGINS,**
**and OFFICER S. REGISTER,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has filed his sixth amended complaint against prison officials at F.C.I. in Marianna, Florida. ECF No. 32. This version of the complaint has been reviewed as required by 28 U.S.C. § 1915A. Because several of Plaintiff's claims remain insufficient as a matter of law, and because Plaintiff has had more than sufficient opportunity to file a viable complaint, this case should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff alleges that Defendant Register stopped him outside the chow hall on January 19, 2016, for a pat down search.  ECF No. 32 at 6. After the search by Defendant Register, which Defendant Willis observed, Plaintiff was directed[1] to the Lieutenant's Office where he was subjected to a strip search.  *Id.*  During this incident, Plaintiff alleges that Defendant Willis used profane and vulgar language and berated him.  *Id.* at 6-7. Plaintiff also alleges that nothing was found during the search, but he was, nevertheless, given a "shot" (disciplinary infraction) and charged with refusing an order.  *Id.* at 7.  Plaintiff alleges that Defendant Willis lied on the "shot" and filed a falsified document, and then gave false testimony at the ensuing disciplinary hearing.  Plaintiff also claims that Defendant Willis violated B.O.P. policy by improperly "doing the investigation."  *Id.*

Plaintiff's hearing was held on January 25, 2016, and Defendant Mitchell read the charge to Plaintiff.  Plaintiff said the charge was false, but alleges that his requests for assistance, and to have video evidence

---

[1] Plaintiff's allegations make clear that Defendant Willis held a higher ranking position than Defendant Register as Defendant Willis directed Defendant Register to have Plaintiff wait in front of the chow hall and then go to the office.  ECF No. 32 at 6.

played, were denied.  *Id.* at 7-8.[2]  Plaintiff complains that he lost

commissary privileges for 30 days and created a "blemish" on his records

which would restrict his ability to be granted a transfer for 18 months.  *Id.* at

8.[3]  Plaintiff filed a request for administrative remedy and the issue was

sent back for a rehearing.  *Id.* at 8.  Plaintiff contends, however, that this

hearing also did not comply with due process requirements.  Plaintiff again

asserted his innocence, pointing out that the "shot" even noted that Plaintiff

was given a "pat down search."  *Id.* at 8-9.  Plaintiff contends that, despite

being found guilty of the offense (refusing an order), he was searched.  *Id.*

The only punishment imposed was "30 days loss of commissary."  *Id.* at 9.

Plaintiff's due process claim concerning his disciplinary hearing is

insufficient to state a claim.  It is true that prisoners may "claim the

protections of the Due Process Clause."  Wolff v. McDonnell, 418 U.S. 539,

556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974).  However, due process

---

[2] There are no allegations which reveal Plaintiff requested any evidence, eye witness testimony, or assistance *prior* to the hearing.  Rather, Plaintiff states that he only made those requests *during* the hearing.  ECF No. 32 at 7.

[3] Notably, the events at issue took place between January and March of 2016 at F.C.I. in Marianna, Florida.  ECF No. 32 at 2-3, 6-9.  At the time of case initiation, Plaintiff was housed in Marianna, Florida, *see* ECF No. 1, but was transferred to Texas in October 2016.  ECF No. 15.

Case No. 4:16cv343-WS/CAS

exists to protect a liberty interest.  Plaintiff did not allege the deprivation of a liberty interest.  Plaintiff lost only 30 days of commissary privileges.

The law has been well established since Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995), that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995). Since Sandin, there are only two instances where a prisoner can claim a protected liberty interest: (1) when the term of imprisonment is lengthened and (2) where restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that there is a "major disruption in his environment."  115 S. Ct. at 2300-01.  Here, the loss of commissary privileges for 30 days is not a sufficient due process claim and does not demonstrate an "atypical and significant hardship."

Plaintiff's Sixth Amendment claim against Defendants Mitchell and Scroggins, ECF No. 32 at 11, for lack of "staff representation" is also insufficient.  Plaintiff has a right to "advance written notice of the claimed violation and a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." Wolff, 418 U.S. at

563, 94 S. Ct. at 2978.  He may also "call witnesses and present

documentary evidence in his defense when permitting him to do so will not

be unduly hazardous to institutional safety or correctional goals."  418 U.S.

at 566, 94 S. Ct. at 2979.  There is, however, no right to confrontation or

cross-examination, *Id.* at 567-69, 94 S. Ct. at 2980-81, or right to counsel.

418 U.S. at 570, 94 S. Ct. at 2981-82[4] (noting that "[w]here an illiterate

inmate is involved, however, or whether the complexity of the issue makes

it unlikely that the inmate will be able to collect and present the evidence

necessary for an adequate comprehension of the case, he should be free

to seek the aid of a fellow inmate, or if that is forbidden, to have adequate

substitute aid in the form of help from the staff or from a sufficiently

competent inmate designated by the staff.").  Here, Plaintiff asserts that he

was not permitted to have staff representation.  ECF No. 32.  However,

Plaintiff is not entitled to "representation" similar to the assistance of

counsel.  Moreover, Plaintiff does not allege that he requested staff

assistance prior to the hearing to prepare for the hearing.  Rather, he

indicates he made a belated requesting during the hearing for such

---

[4] The Supreme Court was "not prepared to hold that inmates have a right to either retained or appointed counsel in disciplinary proceedings."  Wolff, 418 U.S. at 570, 94 S. Ct. at 2981.

assistance.  That is insufficient as alleged.  Plaintiff cannot premise a Sixth

Amendment claim against either Defendants Mitchell or Scroggins for not

representing him.

Plaintiff also does not present a viable Eighth Amendment claim.

Plaintiff has not demonstrated that he was subjected to any physical harm,

nor has he shown that he was placed in disciplinary confinement for an

excessive period of time or suffered a substantial loss of privileges.  Minor

punishments imposed as a result of a prison disciplinary proceedings come

within the "expected parameters" of prison life and are not extraordinary,

atypical, or significant deprivations.  Sandin v. Conner, 515 U.S. 472, 115

S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995); see also Rodgers v.

Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding that inmate did

not show he "was deprived of a constitutionally protected liberty interest as

defined in Sandin" because he did not lose gain time and was only held in

confinement for two months).  Plaintiff's Eighth Amendment claim is

insufficient.

Finally, Plaintiff's Fourth Amendment against the Defendants for

conducting an "unlawful search without probable cause" is also insufficient.

There is "no Fourth Amendment right to be free from strip searches" in

prison.  Bell v. Wolfish, 441 U.S. 520, 557–59, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979) (quoted in Harris v. Ostrout, 65 F.3d 912, 915–16 (11th Cir. 1995)).  There is also no requirement that a search of a prisoner or prison cell be supported by probable cause.   Prisoners do not  "enjoy 'the absolute liberty to which every citizen is entitled.'"  United States v. Knights, 534 U.S. 112, 119, 122 S. Ct. 587, 591, 151 L. Ed. 2d 497 (2001).

Plaintiff's sixth amended complaint, ECF No. 32, fails to present a viable constitutional claim.  Plaintiff has had numerous opportunities to present a viable complaint and has been advised that these claims were insufficient.  No further opportunities to amend should be provided and this case should be dismissed under 28 U.S.C. § 1915(e)(2).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's sixth amended complaint, ECF No. 32, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2018.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific written
objections to these proposed findings and recommendations. Fed. R.
Civ. P. 72(b)(2). A copy of the objections shall be served upon all other
parties. A party may respond to another party's objections within
fourteen (14) days after being served with a copy thereof. Fed. R. Civ.
P. 72(b)(2). <u>Any different deadline that may appear on the electronic
docket is for the Court's internal use only and does not control.</u> If a
party fails to object to the Magistrate Judge's findings or
recommendations as to any particular claim or issue contained in this
Report and Recommendation, that party waives the right to challenge on
appeal the District Court's order based on the unobjected-to factual and
legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**